Owen McG-ivebn, J.
Defendants McCrory Corporation and Lane move pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice for dismissal of each cause of action contained in the amended complaint asserted against defendant McCrory, and the second and fourth causes asserted against defendant Lane, and for dismissal of all causes upon the ground that the amended complaint fails to comply with the prior order dismissing the original complaint. By separate motion, defendant Rapid-American Corporation moves pursuant to subdivision 4 of rule 106, for dismissal of the first and third causes asserted against it and by still further separate motion defendant Burlington Industries, Inc. moves pursuant to subdivision 4 of rule 106 for dismissal of causes asserted against it.
In the first cause asserted against defendants Rapid and McCrory, it is alleged that plaintiffs had presented to one Meshulam Riklis, the idea that he or his designees acquire certain controlling stock of Lerner Stores Corporation consisting of 197,000 shares which were owned or controlled by the defendants Burlington and Lane. At the time that the basic contract in suit was made, as alleged, Rapid-American owned 30% of the stock of defendant McCrory, Riklis was the chairman of the *943 board of directors of Bapid-American and McCrory, and Biklis was authorized and had authority pursuant to the basic contract to negotiate the transactions on behalf of Bapid-American and McCrory in relation to the Lerner stock. It is further alleged, that some time after plaintiffs broached the idea to Biklis, the latter contracted with, the plaintiffs that they contact and interest the defendants Lane and Burlington in selling their Lerner shares to Biklis or a company designated by him, and, it was further agreed, that in the event the transaction was consummated, the person or company buying the Lerner shares would pay to the plaintiffs 4% of the purchase price as compensation for plaintiffs’ services. Biklis did, thereafter, designate BapidAmerican as the purchaser. Further, it is alleged that plaintiffs duly performed, were successful in contacting, arranging meetings between Lane and Burlington and Biklis and on behalf of Bapid-American, and in interesting Lane and Burlington in selling. As a result of such services, an agreement was made by Lane and Burlington for the sale of Lerner shares at an average price of $36 per share, which were not, however, taken by defendant Bapid-American as initiatlly agreed. Instead, the agreement to purchase was transferred to defendant McCrory, with full knowledge of the existence of plaintiffs’ contract, and claims for compensation.
The foregoing constitutes a clear and concise statement of a cause of action based upon an employment of the plaintiffs by thé defendant Biklis, by which the defendants Bapid-American and McCrory were bound as principals and obligated to pay the agreed commissions in the event a transaction was consummated by reason of the rendition of the services solicited of the plaintiffs, and that such obligation attaches whether the purchaser was the defendant Bapid-American or McCrory.
In an alternate second cause of action asserted against defendants Lane, Burlington and McCrory, the basic agreement of the employment of the plaintiffs is reiterated. It is further alleged that after defendants Lane and Burlington agreed to sell.their Lerner shares to Bapid-American, they, together with the defendant McCrory, with full knowledge of the existence of plaintiffs ’ contract, and the right to compensation, conspired with BapidAmerican and Biklis to defeat plaintiffs’ right to compensation, by causing the transfer of the purchase agreement from BapidAmerican to McCrory, to create the colorable appearance that Bapid-American had not acquired the Lerner shares. As part of the scheme and conspiracy, Lane and Burlington divided plaintiffs’ commission amongst themselves by having the purchase *944 price of the Lerner .shares increased proportionately by the amount of the commission. -" Since McCrory is, by virtue of the allegations of both the first, and the alternate second cause of action, a party to . the basic contract of: employment,- the second cause is insufficient as to it. Sufficient is alleged as to the defendants Lane and Burlington to warrant maintenance of the alternate second cause of action upon the alleged basis of interference with contract.
In the alternate third cause of action asserted against the defendants Rapid-American and McCrory, it is alleged that Riklis was chairman of the board of directors of Rapid-American, and was authorized, and had the authority on behalf of both corporations to, and. Riklis .did, request the plaintiffs, to perform certain work,' labor and services, to achieve- the'purpose 'of acquiring the Lerner control stock .by Riklis. or .bis designee. Plaintiffs did perform services, including finding, contacting and interesting defendants Lane, and Burlington in: entering into negotiations .with Riklis; or." a company designated by him, looking-to the sale by Lane and Burlington of their Lerner stock. Riklis designated Rapid-American to accept the benefits of plaintiffs’ services and, as a result of the services thus rendered, Lane and Burlington did sell such shares at an average price of $36 per share, and such sale was made not to Rapid-American as originally designated, but to the defendant McCrory. A sufficient cause is asserted against Rapid-American and McCrory for the recovery of the reasonable value of services rendered at their instance and. request.
In the alternate fourth cause of action asserted against Lane, Burlington- and McCrory, "the allegations, of the alternate third cause are repeated, and,-it is further- alleged that in order to defeat the plaintiffs’ claim of right to the recovery of the reasonable value of their services, the "purchase was made by McCrory, and the purchase price was increased proportionately by the amounts to be paid to the plaintiffs for the fair and reasonable value of their services, and such increased purchase price was divided between the defendants Lane and Burlington. For the reasons indicated with respect to the alternate second cause of action, the alternate fourth cause of action is insufficient as to the defendant McCrory and it is sufficient as to the defendants Lane and Burlington. The motion is granted to the- extent of dismissing the alternate second and fourth causes as against the defendant McCrory arid they are in all other respects denied.